UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS LAZORE and CHRISTINE
LAZORE,
       Plaintiffs

  v.              7:16cv421

PHILIP DOYLE MANUFACTURING, INC.,
CRANE MANUFACTURING & SERVICE CORP.,
CRANE ACQUISITION CORP., KRONECRANES,
INC., PHILIP DOYLE MANUFACTURING, INC.

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## ORDER

  Before the Court is Defendants Crane Acquisition Corp. and Crane Manufacturing & Service Corp.'s (the "Crane Defendants") motion to dismiss Plaintiffs' Complaint and the cross-claims raised by other Defendants against them. See dkt. # 34. All parties except Defendants Philip Doyle Manufacturing, Inc. ("Philip Doyle") and Kronecranes, Inc. ("Kronecranes"), have stipulated to dismissal with prejudice of any claims against the Crane Defendants. See dkt. # 34. Philip Doyle and Kronecranes maintain that any dismissal should be without prejudice.

  Philip Doyle and Kronecranes do not dispute that Plaintiff's motion to dismiss should be granted because the Crane Defendants have been dissolved and are not subject to suit. The question here is simply whether the Crane Defendants' motion to dismiss the cross claims should be granted with or without prejudice. Dismissing a claim "'without

prejudice' . . . means merely that the dismissal does not bar the bringing of a subsequent action on the same claim or claims." Santos v. State Farm Fire & Casulaty Co., 902 F.2d 1092, 1094-1095 (2d Cir. 1990).  A court should deny a party leave to amend a complaint when such amendment would "[serve] no purpose." Ronzani v. Sanofi S.A., 899 F.2d 195, 199 (2d Cir. 1990).  "It is well established that '[l]eave to amend need not be granted . . . where the proposed amendment would be futile[.]'" Williams v. Citigroup, 569 F.3d 208, 214 (2d Cir. 2011) (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997)).  Philip Doyne and Kronecranes request that the Court permit them leave to file amended cross-claims if discovery reveals information that would create a basis for reviving their claims against the Crane Defendants.

The Crane Defendants' motion to dismiss relates that Crane Acquisition was incorporated in Wisconsin in 1987 as a means of acquiring the assets of a prior company. Phlip Doyle and Kronecranes do not dispute these facts, though they contend that discovery might reveal additional information relevant to future claims.  Crane Acquisition bought assets, but did not expressly assume any liability for products, personal injury or property damage claims.  One asset that the Crane Acquisition purchased was the name "Crane Manufacturing and Service Corporation."  After closing the deal, on September 28, 1987, Crane Acquisition changed its name to Crane Manufacturing and Service Corporation.  In October 2002, Crane Manufacturing and Service Corporation entered into an asset purchase agreement with Defendant Kronecranes, Inc.  Kronecranes purchased Crane Manufacturing and Service Corporation's assets in an asset-only transaction.  Kronecranes obtained the "Crane Manufacturing and Service Corporation" name in that transaction, and still uses the name.  The company that had been Crane Manufacturing and Service Corporation changed

its name to 6000 South Corporation. 6000 South Corporation filed articles of dissolution in the State of Wisconsin on September 2, 2003. 6000 South then published legal notice of the dissolution in two newspapers of general circulation in Wisconsin.

Federal Rule of Civil Procedure 17(b)(2) provides that "[c]apacity to sue or be sued is determined . . . (2) for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). This rule applies to dissolved corporations as well as active ones. Lottman v. Piper Industries, 726 F.Supp. 384, 385 (N.D.N.Y. 1987) (citing Johnson v. Helicopter & Airplane Services Corp., 404 F.Supp. 726 (D.M.D. 1975)). Indeed, "the Supreme Court has held that '[h]ow long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power,' with the federal government 'powerless to resurrect a corporation which the state has put out of existence for all purposes.'" Marsh v. Rosenbloom, 499 F.3d 165, 177 (2d Cir. 2007) (quoting Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 127-28 (1937)).

Philip Doyle and Kronecranes do not appear to dispute that the corporations in question were organized under Wisconsin law, and that they cannot be sued under that state's law. Wisconsin law provides:

> (1) A dissolved corporation may publish notice of its dissolution and request that persons with claims, whether known or unknown, against the corporation or its directors, officers or shareholders, in their capacities as such, present them in accordance with the notice. The notice shall be published as a class 1 notice, under ch. 985, in a newspaper of general circulation in the county where the dissolved corporations principal office or, if none in this state, its registered office is or was last located. The notice shall include all of the following:
>
>   (a) A description of the information that must be included in a claim.
>   (b) A mailing address where the claim may be sent.
>   (c) A statement that a claim against the dissolved corporation or its directors, officers or shareholders is barred unless a proceeding to enforce the claim is brought within 2 years after the publication date of the notice.

> (2) Except as provided in sub. (3), if the dissolved corporation publishes a newspaper notice in accordance with sub. (1), a claim against the dissolved corporation or its directors, officers or shareholders is barred unless the claimant brings a proceeding to enforce the claim within 2 years after the publication date of the newspaper notice, if the claimant is any of the following:
>
>> (a) A claimant who did not receive written notice under s. 180.1406.
>> (b) A claimant who delivered his or her claim to the dissolved corporation by the deadline set under s. 180.1406 if the dissolved corporation has not acted on the claim.
>> (c) A claimant whose claim is contingent or based on an event occurring after the effective date of the dissolution.
>
> (3) This section does not apply to the liability of a corporation for an additional assessment under s. 71.74, for an additional assessment of real estate transfer fees under s. 77.26 or for sales and use taxes determined as owing under s. 77.59.

Wis. Stat. § 180.1407. As Wisconsin courts have noted, "it is only by statutory authority of the state of incorporation that the life of a corporation may be prolonged for litigation purposes." Bazan v. Kux Machine Co., 190 N.W. 2d 521, 525 (Wisc. 1971). Wisconsin law, as stated above, provides that claims against a dissolved corporation must be made within two years of notice of the dissolution when the "claim is contingent or based on an event occurring after the effective date of the dissolution." Wis. Stat. § 180.1407(2)(c).

The undisputed facts here indicate that Crane Acquisitions and its successor were dissolved in 2003. Notice of the dissolution was provided in the manner required by Wisconsin law. Philip Doyle and Kronecranes seek relief for events that occurred after the dissolution, but have not filed an action within two years of the notice. Their claims are therefore barred and the Crane Defendants' motion must be granted. The motion will be granted with prejudice, as amending the counterclaims would be futile. The admitted facts establish the claim is barred.

As such, Crane Acquisition Corp. and Crane Manufacturing & Service Corp.'s motion to dismiss, dkt. # 34, is **GRANTED WITH PREJUDICE** with respect to the cross-claims brought by Philip Doyle Manufacturing, Inc. and Kronecranes, Inc.

IT IS SO ORDERED.

DATED:December 29, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge